1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| PATRICK W. BARNES, | CASE NO. 08cv1054-LAB (WMc) |
|---|---|
| Plaintiff, | **ORDER DENYING MOTION TO PROCEED *IN FORMA PAUPERIS*; AND** |
| vs. | |
| SCRIPPS MERCY HOSPITAL; MARK HANDY, M.D.; CARLOS CHARACHO; DOUGLAS BATES; LA JOLLA RADIOLOGY LABORATORY, | **ORDER OF DISMISSAL WITHOUT PREJUDICE** |
| Defendants. | |

On June 16, 2008, Plaintiff filed his complaint in this matter. He did not pay the required filing fee, but instead filed a motion to proceed in forma pauperis ("IFP").

All parties instituting any civil action, suit or proceeding in a district court of the United States, other than a writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay only if the party is granted leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

As provided under § 1915(a)(1), the Court may authorize Plaintiff to proceed IFP provided certain requirements are met. Plaintiff is required to submit an affidavit showing he is unable to pay the required filing fee. The affidavit must also "state the nature of the action . . . or appeal and affiant's belief that the person is entitled to redress." § 1915(a)(1).

1    Plaintiff used a form as the basis for his motion to proceed IFP, but did not provide all the requested information. In response to the question about his sources of income, he checked "yes" indicating he received Social Security payments of $934 monthly, but failed to state whether he received income from any other sources. He states he has no assets of any kind. While it is possible Plaintiff cannot pay the filing fee, without complete information the Court cannot determine he is unable to pay the required fee.

   Plaintiff also did not adequately explain why he was entitled to relief, whether under § 1983 or any other theory, or why this Court even has jurisdiction to consider his claim. The only statement attempting to show why he is entitled to relief is the complaint itself.

   Plaintiff has sued a private hospital, three of its physicians, and a private laboratory. Instead of alleging why these Defendants were acting under color of state law, as required for a § 1983 claim, he merely alleged they committed medical malpractice by causing him to undergo unnecessary chemotherapy, injuring him. The alleged facts do not show any of the Defendants were acting under color of state law.

   The complaint as pleaded also suggests the Court lacks jurisdiction to consider Plaintiff's claims. No federal question is evident on the face of the complaint. *See* 28 U.S.C. § 1331. It is also clear the parties are not diverse as would be required for diversity jurisdiction under 28 U.S.C. § 1332, because Plaintiff is a resident of California, and the hospital and clinic (and likely the three individuals) are also citizens of California. The complaint itself, far from showing why Plaintiff is entitled to relief, strongly suggests the Court cannot grant him the relief he seeks.

   The motion to proceed IFP is therefore **DENIED WITHOUT PREJUDICE** and the complaint is **DISMISSED WITHOUT PREJUDICE**. If Plaintiff wishes to proceed in this case, he must, within **30 calendar days from the date this order is entered**, either pay the required filing fee or file a motion to proceed IFP including all requested information, and

///
///
///

also file an amended complaint showing why he is entitled to relief.  **If he fails to do so within the time permitted, this action will remain dismissed without prejudice, and without further order of the Court**.

**IT IS SO ORDERED**.

DATED:  June 20, 2008

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge