1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## SOUTHERN DISTRICT OF CALIFORNIA

10

11 | PATRICK W. BARNES,

12 |                                          Plaintiff,

|                          vs.

13

14 | SCRIPPS MERCY HOSPITAL; MARK
   | HANDY, PhD; CARLOS CHARACHO,
15 | PhD.; DOUGLAS BATES, PhD.;
   | LA JOLLA RADIOLOGY LABOROTORY,

16
   |                                          Defendants.

17

CASE NO. 08CV1054-LAB (WMc)

**ORDER DENYING MOTION FOR
RELIEF FROM JUDGMENT**

18        Plaintiff, who is proceeding *in forma pauperis* and pro se, brought claims for medical

19   malpractice against several doctors and two private hospitals.  The claims appeared to be

20   related to chemotherapy and heart imaging Plaintiff had undergone, which he believed

21   injured him.  Because jurisdiction was clearly lacking, the Court dismissed his amended

22   complaint without leave to amend on October 2, 2008.

23        On March 5, 2010, the Court received a pleading captioned "Civil Rights Mandamus,

24   Mandate Order," purporting to sue the California Court of Appeal, Fourth Appellate Division,

25   for denying him the right to appeal, and seeking injunctive relief.  Because this appeared to

26   have been submitted by mistake in the wrong case, it was rejected by discrepancy order.

27        On May 5, 2010, the Court received a brief pleading purporting to sue the state of

28   California, the Scripps Foundation, and the Scripps Research foundation for various

1  violations, apparently connected to the original complaint.  This was also rejected by

2  discrepancy order, which noted the Court's previous order denying leave to amend.

3      On May 14, 2010, Plaintiff submitted another, lengthier pleading requesting leave to

4  file an amended complaint (the "Motion").  By discrepancy order, this was accepted as a

5  motion pursuant to Fed. R. Civ. P. 60(b).  Because it was filed well over a year after entry

6  of judgment, the Motion is far too late to succeed as a motion pursuant to Fed. R. Civ. P.

7  59(e) or 60(b)(1)–(3).  Nor can the Motion reasonably be construed to seek relief under Rule

8  60(a), 60(b)(4), 60(b)(5), or 60(d).  It therefore appears the only available provision under

9  which Plaintiff may seek relief is Rule 60(b)(6), the "catch-all" provision.

10      The catch-all provision of Rule 60(b)(6) is used sparingly to prevent manifest injustice,

11  and requires a showing both of injury and of "circumstances beyond [the party's] control that

12  prevented him from proceeding with the prosecution or defense of the action in a proper

13  fashion."  *Delay v. Gordon*, 475 F.3d 1039, 1044 (9th Cir. 2007).  That standard is not met

14  here.  The Court has authority to reconsider errors and omissions in its own final orders, *see,*

15  *e.g.*, Fed. R. Civ. P. 60(a), but there is no reason to do so here because it is obvious the

16  Court lacks jurisdiction to entertain his claims.

17      The Motion says after this Court dismissed his amended complaint he pursued his

18  action in state court.  (Motion at 3.)  He says the state court rejected his claim that the statute

19  of limitations was equitably tolled while his federal suit was pending.  He therefore wishes

20  to revive this action, and seeks leave to amend pursuant to Fed. R. Civ. P. 15, to plead new

21  but unidentified facts.  (*Id.*)  Whether the state court should have tolled California's statute

22  of limitations while Plaintiff was attempting to litigate his claims in this Court is a question of

23  state law for that court to decide and is not subject to review by this Court.

24      The Court has already considered Plaintiff's arguments, and they are no more

25  persuasive now than they were when judgment was entered.  Plaintiff still cannot plead a

26  claim over which this Court would have jurisdiction.  His efforts to characterize alleged

27  medical malpractice by private doctors and hospitals as a federal civil rights claim are

28  unavailing.  *See Nielson v. Legacy Health Sys.*, 230 F. Supp. 2d 1206, 1209 (D.Or. 2001)

1  ("The Ninth Circuit has consistently dismissed private hospitals [and] doctors . . . in § 1983

2  claims for failing to come within the color of state law.") (citations omitted).

3         Sound public policy requires that, at some point, litigation must come to an end.  *See,*

4  *e.g., Old Person v. Brown*, 312 F.3d 1036, 1039 (9th Cir. 2002).  That point has been

5  reached, and the Motion is therefore **DENIED**.  The Clerk is directed to close the docket.

6  No further filings will be accepted in this case.

7

8         **IT IS SO ORDERED**.

9  DATED:  May 18, 2010

10

11                                             **HONORABLE LARRY ALAN BURNS**
                                               United States District Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28